JACKSON SANATORIUM & HOSPITAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3089.   Promulgated December 21, 1927.

*W. Q. Sharp, C. P. A.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

736

OPINION.

LANSDON: The only problem here is to ascertain the correct basis for the computation of gain, or loss, resulting from the sale of the property in question during the taxable year. There is no controversy over the costs of such property or the years in which the various assets were acquired. The respondent has used the depreciated cost of the property, reflected by the books of the petitioner at August 1, of the taxable year, as a basis, and, upon such basis, has found a gain which he asserts should be included in the taxable income of the petitioner for such year. In arriving at this basis he has disregarded the value of 1913 of the property owned at that date, or has assumed that such value was equal to the depreciated cost thereof.

The petitioner alleges error in three respects: (1) That the sale price received was less than the amount asserted by the respondent; (2) that the property, acquired prior to March 1, 1913, had materially increased in value, and, at that date, was worth substantially more than cost; and (3) that depreciation charged against the property, and used by the respondent as a factor in the computation of the alleged gain from the transaction, was excessive.

The evidence introduced by the petitioner to establish the March 1, 1913, value of the land consists of testimony concerning the growth in population and business of the City of Jackson between 1909 and 1913. Several witnesses testified that this growth reflected an in-

crease in value of property within the City of Jackson. Such facts do not prove that petitioner's property became more valuable during that period nor how much the alleged increase in value was. In the absence of evidence to support the petitioner's claim of a value at March 1, 1913, greater than the cost, the basic value used by the respondent is approved.

Although depreciation charges against the buildings and furniture were irregular, the average charged against the buildings was less than 4 per cent per year, while the average charged against the furniture was, approximately, 7 per cent per year. The depreciation as charged on the books has been deducted from the taxable income by the petitioner in his prior income-tax returns, and has been used by the respondent in determining the basis for computation of gain from the transaction. The petitioner has offered no evidence upon which we can base any finding sufficient to overcome the determination of the respondent.

We are convinced that the Liberty bonds received in lieu of the $10,000 cash payment were worth only 96 cents on the dollar at the date of sale, and that the notes were worth their face value, as petitioner testified. It follows that the net sale price was only $39,600.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*